# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Margaret Lanier Brooks, Respondent.

Appellate Case No. 2020-000529

———————

Opinion No. 27983
Submitted June 17, 2020 – Filed June 24, 2020

———————

## **DISBARRED**

———————

John S. Nichols, Disciplinary Counsel, and C. Tex Davis,
Senior Assistant Disciplinary Counsel, both of Columbia,
for the Office of Disciplinary Counsel.

Harvey M. Watson, III, of Ballard & Watson, of
Columbia, for Respondent.

———————

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of any
sanction, up to and including disbarment.  Respondent requests the sanction be
applied retroactively to October 2, 2019, the date she was placed on interim
suspension. *In re Brooks*, 428 S.C. 246, 834 S.E.2d 204 (2019).  ODC does not
oppose the request.  Finally, Respondent agrees to pay the costs incurred in the
investigation and prosecution of this matter by ODC and the Commission on
Lawyer Conduct (the Commission) within thirty days of the imposition of
discipline.  We accept the Agreement and disbar Respondent from the practice of
law in this state.  The facts, as set forth in the Agreement, are as follows.

## Facts

In February 2018, Respondent submitted an application for admission to the South
Carolina Bar based on an existing Uniform Bar Exam (UBE) score from

Wyoming. Respondent's application was approved, and she was sworn-in as a member of the South Carolina Bar on February 19, 2019. The day after the swearing-in, the South Carolina Office of Bar Admissions learned Respondent knowingly provided false and/or misleading information in her South Carolina application for admission.

Question 2(b) of the application required Respondent specify all other jurisdictions to which she had applied for admission to practice law and specify how the applications were resolved, either by admission or withdrawal. Respondent failed to include in her application for admission that she previously applied for admission to practice law in North Carolina in 2013 and 2014, and in Idaho in 2016. Only after receiving a May 17, 2018 letter from the South Carolina Office of Bar Admissions did Respondent amend her application by providing a complete listing of all jurisdictions in which she sought admission to practice law.

In responding to Question 2(b) as to why she withdrew her application for admission in Wyoming, Respondent stated, "Upon realizing I did not want to practice law in Wyoming in May 2016, I withdrew my application." This was not a complete answer and, when asked at her Rule 19(c)(3), RLDE, Rule 413, SCACR, interview (ODC interview) why her response was not complete, Respondent testified, "It was incomplete because I didn't include the fact that part of the reason for my withdraw [sic] was due to some resistance from the Character and Fitness Board from the state of Wyoming when I initially applied."

Question 12(a) required Respondent disclose any arrests, including any expungements. Respondent failed to disclose a 2005 arrest for driving under the influence (DUI) and resulting license suspension. Respondent also failed to disclose the same 2005 DUI in her applications for admission to practice law in North Carolina and Idaho.

Question 14(a) required Respondent to affirm whether, "[w]ithin the last five years have you ever exhibited any conduct or behavior that would call into question your ability to practice law in a competent, ethical, and professional manner?" Respondent replied "no" to this question on her application. However, she admitted during her ODC interview that, while her application to be admitted to the Wyoming Bar was pending, she altered a document she subsequently submitted to the Wyoming Bar. Accordingly, Respondent admitted she knowingly provided an incorrect answer to Question 14(a).

Question 18 asked, "Are there any other facts not disclosed by your answers herein but concerning your background, history, experience[,] or activities which[,] in your opinion[,] may have a bearing on your character, moral fitness[,] or eligibility to practice law in South Carolina and which should be placed at the disposal or brought to the attention of the examining authorities?" Respondent responded there was no such information she needed to disclose. However, in her ODC interview, Respondent admitted her response to Question 18 was incorrect and she should have provided the details surrounding her Wyoming application, specifically that she submitted an altered document and the Wyoming Bar was planning to conduct a hearing into her conduct.

Respondent also knowingly provided a false statement on her North Carolina Bar application when she failed to notify the North Carolina Bar her driver's license was suspended for three months following her 2005 DUI arrest. Respondent knowingly provided another false statement on her North Carolina Bar application when she failed to notify the North Carolina Bar of her 2005 DUI arrest.

In her original application for admission to practice law in Idaho, Respondent knowingly failed to inform the Idaho Bar she had previously applied for admission in Wyoming, and provided a false statement when she failed to include her 2005 DUI arrest on her Idaho Bar application. Respondent also failed to provide complete and truthful responses on her Idaho Bar application regarding her conduct during her attempt to seek admission in Wyoming.

During her ODC interview, ODC asked Respondent to provide information regarding a November 2014 DUI arrest in Wyoming. Respondent admitted she provided false statements to the arresting officer regarding how much alcohol she had consumed. Following her 2014 DUI arrest, Respondent was transferred to St. John's Medical Center to allow police to obtain a blood sample; however, she refused to consent to provide a blood sample. Police obtained and served Respondent with a warrant requiring she provide a sample; however, even after being served with the warrant and being informed her failure to provide a sample would subject her to an additional charge of failing to cooperate, Respondent still refused to provide the blood sample. Police issued Respondent a citation for failing to cooperate with law enforcement.

Although Respondent disclosed her 2014 Wyoming DUI arrest on her South Carolina Bar application, she admitted she failed to include her 2014 citation for failing to cooperate with the Wyoming police. Respondent also admitted that,

approximately two weeks after her 2014 arrest, she violated the terms of her release order by using marijuana and cocaine.

## Law

Respondent admits her numerous false statements and incomplete answers on her application for admission to practice law in South Carolina violated Rule 8.1(a), RPC, Rule 407, SCACR (knowingly making a false statement of material fact in connection with a bar admission application), and Rule 8.1(b), RPC, Rule 407, SCACR (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority).

Respondent further admits her conduct constitutes grounds for discipline pursuant to Rule 7(a)(1), RLDE, Rule 413, SCACR (violating or attempting to violate the Rules of Professional Conduct), and Rule 7(a)(5), RLDE, Rule 413, SCACR (engaging in conduct tending to pollute the administration of justice or bringing the courts or legal profession into disrepute).

## Conclusion

We find Respondent's misconduct warrants disbarment. Accordingly, we accept the Agreement and disbar Respondent, retroactive to the date of her interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission, or enter into a reasonable payment plan with the Commission, within thirty (30) days of the date of this opinion.

Additionally, we remind Respondent that, prior to seeking reinstatement, she must demonstrate her compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more or disbarment), including completion of the Legal Ethics and Practice Program Ethics School within one year prior to filing a petition for reinstatement.

Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR (duties following disbarment).

**DISBARMENT.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**